UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN BECHET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6192** |
| **CHUBB EUROPEAN GROUP SE** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the motion[1] of Defendant Chubb European Group SE to dismiss Plaintiff Gwendolyn Bechet's breach-of-insurance-contract and statutory bad-faith claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for a more definite statement under Rule 12(e). Defendant contends that the Court should dismiss Plaintiff's claims under Rule 12(b)(6) or grant Rule 12(e) relief because Plaintiff fails to plead facts—rather than mere legal conclusions—plausibly establishing that Defendant breached Plaintiff's insurance policy and violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. The Court agrees. Plaintiff fails to plead facts plausibly establishing Defendant's liability for breach of contract and for bad faith under Sections 22:1892 and 22:1973. Still, because Plaintiff has not yet amended, and because Defendant does not contend that amendment would be futile, the Court grants Plaintiff another opportunity to plead her best case. Accordingly, for these reasons and those that follow, the motion is **DENIED** without prejudice.

---

[1] ECF No. 6.

## I. BACKGROUND

This dispute arises from Plaintiff's claim that Defendant failed to timely and adequately pay her the proceeds due under an insurance policy for the damage that her New Orleans, Louisiana home suffered during Hurricane Ida.[2]

The facts that follow are drawn from the allegations of the petition. Plaintiff owns property located at 1730 N. Tonti Street A–D in New Orleans.[3] Defendant issued an insurance policy providing coverage for the property.[4] The property suffered wind damage covered under the policy and caused by Hurricane Ida.[5]

After Hurricane Ida damaged Plaintiff's property, Plaintiff "notified Defendant of the loss and submitted . . . all information requested by Defendant to adjust the claim."[6] Plaintiff does not allege when she notified Defendant of the loss. Plaintiff alleges that "Defendant failed to respond timely," and that "Defendant failed to properly adjust the claim and failed to provide compensation due to [Plaintiff] under the [p]olicy."[7] Plaintiff alleges that she "repeatedly provided to Defendant documentation, reports, photographs and other evidence that Defendant had not provided proper compensation under the [p]olicy."[8] Plaintiff does not allege when she provided Defendant this "documentation." Plaintiff alleges, however, that this "documentation constituted satisfactory proof of loss."[9] She also alleges that

---

[2] *See generally* ECF No. 1-1 at 3–6.
[3] *Id.* at ¶ 2.
[4] *Id.* at ¶¶ 3, 5.
[5] *Id.* at ¶¶ 6–10.
[6] *Id.* at ¶ 11.
[7] *Id.* at ¶¶ 12–13.
[8] *Id.* at ¶ 14.
[9] *Id.*

"Defendant's inspection of the premises constituted satisfactory proof of loss."[10] Plaintiff does not allege when that inspection occurred. She alleges that Defendant "repeatedly failed to respond" to the "satisfactory proof of loss" she provided, and that the "failure exceeded sixty . . . days."[11] Ultimately, Plaintiff alleges that "Defendant's denial and adjustment of [her] claim under the [p]olicy was in bad faith."[12]

Based on these allegations, Plaintiff sued Defendant in state court "for bad faith breach of contract and bad faith claims adjusting"[13] in violation of Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[14] Defendant removed the case to this Court based on diversity jurisdiction.[15] *See* 28 U.S.C. § 1332(a)(1).

Now, Defendant moves to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6).[16] Alternatively, Defendant moves for a more definite statement under Rule 12(e).[17] Plaintiff opposes.[18]

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not satisfy Rule 8(a)(2)'s pleading standard fails to state a claim upon which relief can be granted. *See generally* FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8

---

[10] *Id.*
[11] *Id.* at ¶ 15.
[12] *Id.* at ¶ 16.
[13] *Id.* at 3 (capitalization and boldface deleted).
[14] *See id.* at 3–6.
[15] ECF No. 1.
[16] ECF No. 6 at 1.
[17] *Id.*
[18] ECF No. 9.

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

**B.     Rule 12(e)**

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The motion "must be made before filing a responsive pleading and must point out the defects

complained of and the details desired." *Id.* "Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored." *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). "A court should only grant a more definite statement when the complaint is 'so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 705 (E.D. La. 2023) (quoting *Phillips v. ABB Combustion Eng'g*, No. 12-CV-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013)).

## III.  ANALYSIS

Defendant contends that the Court should dismiss Plaintiff's breach-of-insurance-contract and statutory bad-faith claims under Rule 12(b)(6) or order Plaintiff to provide a more definite statement under Rule 12(e).[19]

### A.  Rule 12(b)(6)

Defendant first contends that the Court should dismiss Plaintiff's claims under Rule 12(b)(6) because Plaintiff fails to plead plausible claims for (1) breach of Plaintiff's insurance policy, and (2) bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes. The Court takes each claim in turn.[20]

---

[19] *See generally* ECF No. 6 & ECF No. 6-1.
[20] Plaintiff's response relies on the pleading standard announced in *Conley v. Gibson*, 355 U.S. 41 (1957), and on other cases that pre-date *Twombly* and *Iqbal*. *See* ECF No. 9 at 5–7. But *Conley*'s pleading standard "has since been supplanted by the one promulgated by the Supreme Court" in *Twombly* and *Iqbal*. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016); *see also, e.g.*, *Wisznia Co. v. Gen. Star. Indem. Co.*, 759 F.3d 446, 454 (5th Cir. 2014) (noting that the Fifth Circuit "no longer appl[ies] the minimal standard of adequate pleading set forth in *Conley* . . . in light of *Twombly* and *Iqbal*" (internal citation and quotation marks omitted)).

### 1. Breach of Contract

Plaintiff fails to state a breach-of-contract claim. "[A] breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 2010-0986, p. 14–15 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (citing *Bergeron v. Pan Am. Assurance Co.*, 98-2421, p. 14 (La. App. 4 Cir. 4/7/99); 731 So. 2d 1037, 1045).

Plaintiff fails to state a plausible breach-of-insurance-contract claim because Plaintiff fails to identify the specific provision(s) of the insurance policy that Defendant allegedly breached.[21] That "alone is enough to render the complaint deficient." *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 652 (E.D. La. 2022) (citing *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022)); *accord, e.g.*, *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) (affirming Rule 12(b)(6) dismissal of the insureds' breach-of-insurance-contract claim because the insureds "made no reference to any specific policy provision of their homeowners insurance contract that [the insurer] allegedly breached"); *Engles*, 675 F. Supp. 3d at 707 (holding that an insured failed

---

[21] *See generally* ECF No. 1-1 at 3–6.

to state a breach-of-insurance-contract claim against its insurer because the insured's complaint did not "identify any policy provision it believes [the insurer] breached").[22]

But Plaintiff's failure to plead a plausible breach-of-contract claim does not end the inquiry. The Court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Plaintiff has not yet amended, and Defendant has not argued that amendment would be futile or that Plaintiff has pleaded her best case. So, the Court denies Defendant's motion to dismiss this claim and grants Plaintiff leave to file an amended complaint within 21 days. This will afford Plaintiff another opportunity to plead her "best case." *See, e.g.*, *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 443 (5th Cir. 2015) (noting that in the "Rule 12(b)(6) context," the Fifth Circuit "has ordered the district court to dismiss insufficient pleadings where the plaintiff has had an opportunity to plead his best case" (internal citation omitted)). The denial of Defendant's motion is without prejudice to Defendant's right to re-urge a motion to dismiss if Plaintiff's amended complaint fails to identify the specific provision(s) of the insurance policy that Plaintiff contends Defendant breached.

   2.   **Bad Faith**

Plaintiff also fails to state plausible claims for bad faith under Sections 22:1892 and 22:1973. "[W]hen a breach of insurance contract [claim] fails, a bad faith claim shall likewise fail." *Omkar, LLC,* 624 F. Supp. 3d at 651 (internal citation and quotation marks omitted). Because Plaintiff fails to plead a plausible breach-of-

---

[22] Although Plaintiff insists that she identified "the [policy] provisions which were violated," ECF No. 9 at 7, a review of her petition confirms that she did not, in fact, identify the specific policy provisions that she contends Defendant breached. *See* ECF No. 1-1 at 3–6.

7

insurance-contract claim, Plaintiff fails to plead plausible statutory bad-faith claims. *See id.*; *accord, e.g.*, *Rodriguez v. Occidental Fire & Cas. Co. of N.C.*, No. 23-CV-5656, 2024 WL 50842, at *3 (E.D. La. Jan. 4, 2024) ("As we have found no plausible statement of a breach of contract claim, plaintiff's dependent claim that defendant breached its duty of good faith and fair dealing also fails the 12(b)(6) analysis.").

Even if Plaintiff had pleaded a plausible breach-of-contract claim, however, Plaintiff would still fail to plead plausible bad-faith claims under Sections 22:1892 and 22:1973. Section 22:1892 subjects an insurer to "a penalty" as well as "reasonable attorney fees and costs" if the insurer "fail[s]" to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss" and "demand therefor," and the insurer's "failure is . . . arbitrary, capricious, or without probable cause." LA. STAT. ANN. §§ 22:1892(A)(1) & (B)(1)(a). And Section 22:1973(A) imposes "a duty of good faith and fair dealing" on an insurer with respect to its insured. LA. STAT. ANN. § 22:1973(A). An insurer violates that duty if the insurer "[f]ail[s] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." LA. STAT. ANN. § 22:1973(B)(5). The conduct that Sections 22:1892(A)(1) and 22:1973(B)(5) prohibit is "virtually identical"; both statutes target "the failure to timely pay a claim after receiving satisfactory proof of loss when the failure to pay is arbitrary, capricious, or without probable cause." *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107, p. 12 (La.

8

10/21/03); 857 So. 2d 1012, 1020 (internal citation omitted). "The primary difference is the time periods allowed for payment." *Id.* (internal citation omitted).

Plaintiff fails to plead facts plausibly establishing that Defendant's alleged failure to pay Plaintiff's claim was "arbitrary, capricious, or without probable cause" under Sections 22:1892 and 22:1973. "The phrase 'arbitrary, capricious, or without probable cause' is synonymous with 'vexatious,' and a 'vexatious refusal to pay' means 'unjustified, without reasonable or probable cause or excuse.'" *La. Bag. Co. v. Audubon Indem. Co.*, 2008-0453, p. 14 (La. 12/2/08); 999 So. 2d 1104, 1114 (quoting *Reed*, 857 So. 2d at 1021) (citing La. *Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993)). "[A]n insurer who fails to pay the insured the *undisputed portion* of the claim within the statutory time limit is, 'by definition, arbitrary, capricious or without probable cause.'" *First Baptist Church of Iowa, La. v. Church Mut. Ins. Co., S.I.*, 105 F.4th 775, 793 (5th Cir. 2024) (emphasis added) (quoting *La. Bag. Co.,* 999 So. 2d at 1116). But an insurer's "failure to pay within the statutory time period[s] is not arbitrary, capricious or without probable cause" if "there are substantial, reasonable and legitimate questions as to the extent of an insurer's liability or an insured's loss." *La. Bag. Co.*, 999 So. 2d at 1114.

Plaintiff fails to plead facts plausibly establishing that Defendant failed to pay the undisputed portion of Plaintiff's Hurricane Ida insurance claim within the statutory time periods. Specifically, Plaintiff fails to plead facts—rather than mere conclusions—that allow the Court to plausibly infer (1) "the undisputed portion" of Plaintiff's Hurricane Ida insurance claim, and (2) that Defendant failed to pay that

9

"undisputed portion" within the statutory time periods. *See id.* at 1116. Plaintiff also fails to allege if and "when demand was made upon [Defendant] for payment." *Engles*, 675 F. Supp. 3d at 708. Plaintiff thus fails to state bad-faith claims under Sections 22:1892 and 22:1973. *Accord, e.g.*, *Rodriguez*, 2024 WL 50842, at *3 (concluding that the insured failed to state statutory bad-faith claims because the insured "fail[ed] to provide factual allegations of why [the] unpaid portions [of the claim] are properly considered undisputed" (internal citation and quotation marks omitted); *JMC–Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-CV-4727, 2023 WL 2527168, at *4 (E.D. La. Mar. 15, 2023) (same); *Engles*, 675 F. Supp. 3d at 708 (similar).[23]

Plaintiff's petition ultimately resembles complaints other sections of this Court have found wanting. *See Omkar, LLC*, 624 F. Supp. 3d at 652–53; *JMC–Tran Props*, 2023 WL 2527168, at *4–5. Like the deficient complaint in *Omkar*, Plaintiff's petition "parrot[s] the legal standards applicable to [Plaintiff's] claims without providing factual support." 624 F. Supp. 3d at 653. And like the complaint in *JMC*, Plaintiff's petition "does not state when [Defendant] received satisfactory proof of loss, when inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run." 2023 WL 2527168, at *5 (internal citation omitted).[24]

---

[23] The allegation that "Defendant's denial and adjustment of [Plaintiff's] claim under the [p]olicy was in bad faith," ECF No. 1-1 at 5 ¶ 16, is "nothing more than [a] label[] and conclusion[]" that "is insufficient to state a claim." *Hibbets*, 377 F. App'x at 356 (first citing *Twombly*, 550 U.S. at 555; then citing *Iqbal*, 556 U.S. at 678; and then citing *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999)).

[24] For these reasons, Plaintiff's efforts to distinguish *JMC* fail. *See* ECF No. 9 at 7–8.

10

As with Plaintiff's breach-of-contract claim, however, Plaintiff's failure to plead plausible bad-faith claims does not end the inquiry. That is because the Court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). As noted above, Plaintiff has not yet amended, and Defendant has not argued that amendment would be futile or that Plaintiff has pleaded her best case. So, the Court denies Defendant's motion to dismiss this claim and grants Plaintiff leave to file an amended complaint within 21 days. This will afford Plaintiff another opportunity to plead her "best case." *See Bosarge*, 796 F.3d at 443. The denial of Defendant's motion to dismiss this claim is without prejudice to Defendant's right to re-urge a motion to dismiss if Plaintiff's amended complaint fails to plead facts plausibly establishing the "arbitrary, capricious or without probable cause" component of her bad-faith claims.

**B.     Rule 12(e)**

Defendant alternatively moves the Court to order Plaintiff to provide a more definite statement of her claims under Rule 12(e). Because the Court has concluded that Plaintiff fails to state plausible claims and granted Plaintiff leave to file an amended complaint, Defendant's Rule 12(e) motion for a more definite statement is moot. *See, e.g.*, *Engles*, 675 F. Supp. 3d at 708; *Omkar, LLC*, 624 F. Supp. 3d at 652.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Rule 12(b)(6) motion[25] to dismiss for failure to state a claim is **DENIED** without prejudice, and Defendant's alternative request for a more definite statement under Rule 12(e) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint that attempts to cure the deficiencies outlined in this order and reasons within 21 days. If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action with prejudice and enter judgment in favor of Defendant.

New Orleans, Louisiana, this 29th day of July, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[25] ECF No. 6.